IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIKE KASSABJI,

      Petitioner,

      v.                                      CIVIL NO. 06-1240 JH/LCS

EARL BACA,

      Respondent.

MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Mr. Kassabji's third amended petition for writ of habeas corpus, filed on February 20, 2007. (Doc. 8.) The Court has filed two consecutive orders to show cause in this matter following Petitioner's apparent failure to update the Court as to his mailing address. (Docs. 16; 18.) Petitioner has neglected to respond to either order. I therefore find that the petition should be **DISMISSED without prejudice.**

I.     **RELEVANT FACTS.**

1.     Petitioner Mike Kassabji, *pro se*, initially filed this action on December 20, 2006. (Doc. 1.) Since then he has filed three amended petitions. (Docs. 4; 7; 8.) He filed his third amended petition on February 20, 2007. (Doc. 8.) In his third amended petition, Mr. Kassabji asserts numerous allegations that, construed liberally, appear to sound of: (1) illegal search and seizure; (2) prosecutorial misconduct; (3) insufficient evidence and actual innocence; and (4) violation of his speedy trial right. (*See Id.*)

2.     On March 28, 2007, Respondent filed a response. (Doc. 12.) On March 30, 2007, the Court construed the response as a motion to dismiss and set a briefing schedule. (Doc. 13.) On April 10, 2007, the Court's order construing the response as a motion to dismiss and setting briefing

schedule came back as undelivered to Petitioner.  (Doc. 15.)  The envelope was stamped "NOT IN CUSTODY."  (*Id.*)  Petitioner never informed the Court of a change of address.  The Court, therefore, on April 13, 2007, filed an order to show cause why the petition should not be dismissed. (Doc. 16.)  On May 4, 2007, Petitioner filed a motion for order for emergency release from custody. (Doc. 17.)  The motion was completely non-responsive to the Court's order to show cause.  (*See Id.*) The Court, therefore, filed a second order to show cause on May 4, 2007.  (Doc. 18.)  On May 7, 2007, Mr. Kassabji filed a motion for order to add Judge Frank Gentry, Sandra Engel, Officer Cole and Mayor Martin Chavez.  (Doc. 19.)  The motion, again, was completely non-responsive to the Court's order to show cause.

## II.    ANALYSIS.

3.    District of New Mexico Local Civil Rule 83.6 provides that:

> [a]ll attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their mailing addresses, telephone numbers and, for those having a request on file as described in D.N.M.LR-Civ. 5.6, any change in facsimile numbers or electronic addresses.

A party's failure to comply with the Court's local rules demonstrates a manifest lack of interest in litigating his or her claims. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Oklahoma Publishing Co. v. Powell*, No. 78-1856, 1980 WL 6687, at *2 (10th Cir. Mar. 7, 1980).  Moreover, a party's failure to comply with the local rules may be grounds for dismissal.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 922 (10th Cir. 1992).[1]  "Before choosing dismissal as a just sanction, a court should ordinarily consider a

---

[1] The dismissal in *Ehrenhaus* was a discovery sanction pursuant to FED. R. CIV. P. 37(b)(2)(C). *Ehrenhaus*, 965 F.2d at 918. In this case, while I find dismissal may be appropriate

number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant[;] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance[;] and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotation marks and citations omitted).

4.      Here, the Court, through two consecutive orders to show cause, gave Mr. Kassabji two opportunities to explain his failure to update the Court as to his address. Both orders explicitly warned Petitioner that a failure to appropriately respond might result in the petition being dismissed. Mr. Kassabji failed to respond to either order. The Court remains unsure of Petitioner's current address and has not been told why Petitioner failed to update the Court as to any address change he may have had. The Court's administration of this case has suffered due to Mr. Kassabji's neglect. The Court's briefing schedule on Respondent's motion to dismiss was never received by Mr. Kassabji, (*see* Docs. 14; 15.) and the motion to dismiss, which should have been fully briefed by May 4, 2007, remains unripe for review. A second briefing schedule would likely be futile since Petitioner appears unwilling or unable to respond to the Court's orders.

## III.     RECOMMENDED DISPOSITION.

I recommend that Mr. Kassabji's action be **DISMISSED without prejudice**. I find that dismissal without prejudice in this case is appropriate. Petitioner neglected his responsibility to keep the Court updated as to his address, he failed to respond on two occasions to the Court's orders

---

for failure to comply with the local rules, it is still proper to apply *Ehrenhaus*. See, e.g., *In re Hopkins*, No. 98-1186, 1998 WL 704710, at *2 (10th Cir. Oct. 5, 1998) (discussing the *Ehrenhaus* factors in an appeal from a district court's dismissal for failure to prosecute and citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

giving Petitioner two opportunities to explain his failure, the Court's administration of this matter has been significantly delayed as a result, the Court has reasonable concern that future orders will be ignored or disregarded by Petitioner, Petitioner has been warned twice that failure to adequately respond to the Court's orders to show cause might result in dismissal, and Petitioner can re-file the petition at his prerogative.  Given the circumstances of this case, I see no lesser sanction that might persuade Petitioner to cooperate with the Court in the future.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.


**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**